[No. 2991. May 12, 1926.]

## NORMENT v. TURLEY.

[246 Pac. 748.]

### SYLLABUS BY THE COURT

1. Laws of a sister state presumed, in the absence of contrary pleading or proof, to be same as laws of this state.

2. Complaint in suit for breach of covenant of warranty in deed for lands in another state is sufficient as against demurrer, if it states a cause of action under the laws of this state.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by James W. Norment against Jay Turley for breach of covenant in a deed. From a judgment of dismissal, plaintiff appeals. Reversed and remanded, with directions.

Geo. C. Taylor, of Albuquerque, for appellant.

F. W. Clancy, of Santa Fé, for appellee.

### OPINION OF THE COURT

WATSON, J. Appellant (plaintiff below) filed his

---

[1, 2] 15CJ p. 1302 n. 64 New: 22CJ p. 151 n. 95: p. 152 n. 97; 23CJ p. 131 n. 10: 36Cyc p. 1240 n. 81; p. 1252 n. 94, 96.

amended complaint, alleging that appellee (defendant below), for a consideration of $5,000, executed and delivered to appellant a conveyance for certain lands situated in the state of Florida, copy of which conveyance was attached to the amended complaint, and contains this covenant:

"The parties of the first part hereby warrants the title to the above described lands and will defend the same forever."

The amended complaint further alleged that thereafter appellant was evicted from said lands under a decree of a circuit court of chancery in the state of Florida, copy of which is attached to the amended complaint, and which decree quieted the title of one George Broadhurst as against the appellant, and adjudged that any claim made by the appellant was null and void. The prayer was for damages in the sum of $5,000.

A demurrer was filed upon the following grounds:

"(1) The said amended complaint is founded upon an alleged covenant in a deed which upon its face shows that the land therein described is situate in the state of Florida, and there is no allegation in said amended complaint of the law of that state, by which alone the said deed and covenant are to be construed and given effect.

"(2) The said amended complaint attempts to set up an eviction of plaintiff from the lands described in said deed, by means of a judgment of a court in the state of Florida, but contains no allegation of the law of that state upon which said judgment is founded, nor of any law of that state as to the effect of such judgment.

"(3) The said amended complaint upon its face shows that it is filed more than six years after the alleged cause of action, if any, accrued and is therefore barred by the statute of limitations."

The trial court sustained this demurrer on the first and second grounds thereof, and, for failure of appellant to plead further within the time prescribed by the order, rendered final judgment dismissing the cause.

It was evidently the theory of the trial court that it was incumbent upon appellant to plead, as matter of fact to be proven, laws of the state of Florida, according to which the covenant of warranty quoted should

be construed, and laws justifying the decree of the Florida court and defining its effect. We think the theory is clearly erroneous.

[1, 2] Appellee, in support of the judgment, states three propositions: (1) That the laws of Florida are foreign laws, and will not be judicially noticed; (2) that foreign laws are matters of fact to be pleaded and proved; and (3) that the deed and covenant are governed and construed by the law of Florida, which law, therefore, formed the basis or foundation for this action. We do not question the correctness of any of these propositions, but we do not think that they support the judgment. The point which the lower court overlooked, and which is controlling, is that the law of Florida is presumed, in the absence of pleading or proof to the contrary, to be the same as the law of this state. Carron v. Abounador, 28 N. M. 491, 214 P. 772. Appellant, having stated a case under the laws of this state for breach of covenant of warranty, is entitled to prevail, unless the appellee shall show, by pleading and proof, that the law of Florida is different.

The demurrer raised the question of limitation, but it is not here argued in support of the judgment.

It follows that the court erred in sustaining the demurrer. The judgment will, therefore, be reversed, and the cause remanded, with direction to the district court to overrule the demurrer, and to proceed consistently herewith, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.