24 P.(2d) 731

## KANDELIN v. LEE MOOR CONTRACTING CO.

### No. 3797.

Supreme Court of New Mexico.

July 11, 1933.

Jones, Goldstein, Hardie & Grambling and Ben R. Howell, all of El Paso, Tex., J. Benson Newell, of Las Cruces, and J. O. Seth, of Sante Fe, for appellant.

R. F. Hamilton, of Deming, and Percy Wilson, of Silver City, for appellee.

BICKLEY, Justice.

Kandelin sued appellant for damages occasioned by personal injuries due to the negligent operation by appellant of a truck on a New Mexico highway. Later, the Pacific Indemnity Company sued, in the same court, to recover sums of money that company as insurer of appellee's employer paid to Kandelin under the compensation laws of California. Upon motion of defendant (appellant), the court consolidated said causes for all purposes including trial and appeal. At the

opening of the trial, appellant asked permission to file an amended answer to appellee's complaint. Its principal difference from the original answer was that it contained a plea in bar, which, in substance, alleged that the Pacific Indemnity Company had instituted the action against appellant above mentioned, wherein it was claimed that by virtue of a certain policy of compensation insurance it had been obliged to pay to appellee 'the sum of $950 as workmen's compensation insurance, and that appellee was, at the time of the injuries complained of, an employee of the Hickok Manufacturing Company and such employer was insured by the Pacific Indemnity Company under the terms of the Workmen's Compensation Act of California (St. Cal. 1917, p. 831, as amended), and appellee was covered by said policy and was injured while in the course of his employment; that appellee made a claim with the Pacific Indemnity Company for workmen's compensation insurance and elected to receive the sum of $950 in full settlement of said claim for workmen's compensation; that the filing of the claim with the Pacific Indemnity Company by appellee, and the payment of the sum of $950 to him as aforesaid, and his acceptance thereof, constituted an assignment by appellee to Pacific Indemnity Company of his cause of action for personal injuries against appellant; and that, by virtue of such assignment, appellee was barred from asserting any claim or cause of action for personal injuries against the Moor Contracting Company. Appellee thereupon moved the court to vacate the order of consolidation of the two causes, and the court granted the motion. The court thereupon permitted the amended answer to be filed, but, upon motion of plaintiff, struck from it the plea in bar above referred to, and proceeded to trial, which resulted in a verdict in favor of Kandelin upon which judgment was entered in his favor.

Appellant's points 6 and 7, relied upon for reversal on this appeal, are as follows:

"6. The Court erred in its main charge to the Jury in paragraph Six thereof, in not limiting Plaintiff's recovery to the reasonable and necessary amounts expended by Plaintiff for medical services, hospitalization, etc.

"7. The Court erred in its main charge to the Jury in Paragraph Six thereof, in not limiting Plaintiff's recovery for permanent injuries, paid, etc., to a sum which would reasonably compensate Plaintiff for such permanent injuries, paid, etc."

In view of the fact that the verdict is little more than half of the maximum authorized by the instructions; that it is not claimed that the verdict is excessive; that all through the testimony as to medical services, hospitalization, etc., the reasonableness of the charges therefor was frequently adverted to, we think the omission from the instruction of the qualifying phrase that plaintiff was entitled only to a "reasonable" recovery, could not have misled the jury, and the error, if any, was harmless.

As to the error in admitting testimony mentioned in point No. 9, we find that the

witness, Dr. Moir, had first-hand information of the condition of the plaintiff and knew what would be required to be done to repair his injuries, and knew Dr. McGhee, and his skill as a surgeon, and saw plaintiff after he had been attended by Dr. McGhee, and therefore we are of the opinion that the witness would not have been better circumstanced to testify to the reasonableness of Dr. McGhee's charges by having had submitted to him a hypothetical question of what had actually been done.

Appellant claims that the court erred in refusing an instruction requested by it as follows: "It is the duty of a driver of an automobile to so propel the auto on the highway at night at such rate of speed that he can stop in time to avoid objects after they come within the area lighted by his lamps."

There is a conflict in the decisions as to whether it is negligence as a matter of law to drive an automobile at such a rate of speed that it cannot be stopped in time to avoid an obstruction discernible within the driver's length of vision ahead of him. We need make no declaration on this subject at the present.

The instruction, the refusal of which is complained of, presents an abstract proposition of law. It could only have been applicable in this case upon the issue of contributory negligence upon the part of the plaintiff.

The specific allegation of contributory negligence on the part of plaintiff is that he failed "to keep a proper lookout in attempting to pass the said truck without slowing down, and in failing to stop to avoid the collision."

We do not think the requested instruction would have been appropriate under such a claim of contributory negligence. There were no requests for further instructions regarding the effect of the alleged violation of duty of plaintiff as contributory negligence which would show the applicability of the refused instruction.

Furthermore, the court submitted to the jury a special interrogatory as follows: "'Do you find from a preponderance of the evidence that at and just prior to the collision plaintiff was operating his car in such a manner that he could not bring it to a stop before striking any object after it came within the range of his lights?' To this interrogatory the jury answered: 'No.'"

The issue of fact on this point was thus settled by the jury adversely to the contention of appellant. We think there was no error in the refusal of the instruction, and in any event, if error it was, it was harmless.

There are other points presented as to alleged errors in giving and refusing instructions which we have examined and find without merit.

The foregoing are treated by appellant as subordinate to the larger question which we now consider.

Appellant asserts that Kandelin's cause of action in tort for personal injuries against appellant, became vested in Pacific Indemnity

Company by statutory assignment by virtue of appellee having claimed and accepted compensation for his injuries under the Workmen's Compensation Act of California and claims as a result, that the entire tort cause of action is vested in the Pacific Indemnity Company, and that appellee is barred from asserting it. Appellant argues that, there being in the record no pleading or proof of the law of California regarding workmen's compensation insurance, such law of California will be presumed to be the same as the law of New Mexico. So relying, appellant points to a portion of section 156-124, 1929 Compilation, which is as follows: "The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act, but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman or his legal representative or others may have against any other party for such injuries or death."

Kandelin says that appellant's contention is untenable because, if we shall assume that the laws of California are the same as the laws of New Mexico, it would then appear that appellee was not under the protection of the New Mexico Workmen's Compensation Act (Comp. St. 1929, § 156-101 et seq.), because that act only prescribes the payment of compensation by an employer in certain extrahazardous occupations specifically enumerated, but permits employers and employees in other occupations to bring themselves under the act by written agreement entered into prior to the injuries filed in the office of the clerk of the district court of the county in which such occupation is carried on, and that it appears that appellee was employed as a traveling salesman and not therefore engaged in any of the extrahazardous occupations enumerated in the New Mexico Workmen's Compensation Act, and that no showing is made that he and his employer had filed any agreement to be bound by the provisions of the act, and that therefore any insurance payments made to Kandelin by Pacific Indemnity Company were either purely voluntary or were payments of accident insurance. We dispose of this contention at once upon the principle that one may not claim the benefits of a law and also assert that the law is not applicable to him.

■ Next, that the statute quoted does not prescribe that the receipt of compensation shall operate as an assignment of the employee's entire cause of action for damages, but only "to the extent of the liability of such employer to such workman occasioned by such injury."

A similar situation has arisen in a great many jurisdictions in the United States, and has been solved in varying ways, depending upon the exact language of the statute covering the question. Though subject to modification or elaboration, perhaps the classification referred to in Moseley v. Lily Ice Cream Co. (1931) 38 Ariz. 417, 300 P. 958 959, is satisfactory. The court said:

"The first includes those where the express right is given to the employee to recover compensation and also to sue the third party for negligence. Typical of such statutes are those of New Jersey, Kansas, California, and Iowa, and the decisions in these and other states with like statutes hold accordingly that acceptance of compensation does not defeat the right of the injured employee to bring a suit against such third party. [Citing cases.]

"The second class of statutes does not expressly give the employee the right to recover compensation and to sue the third party, but provides that, if compensation is paid, the employer is subrogated to the rights of the employee so far as the amount which he has paid is concerned, but that any surplus he may recover is to go to the injured employee. In these states it is generally held that the right of action against the third party still exists, notwithstanding compensation has been paid, and that in some way or another, either by bringing suit in the name of the employer or in his own name, the employee may maintain the action. Typical of these states is Texas. [Citing cases.]

"The third class of statutes provides that if the employee elects to bring suit against the third person and his recovery is less than that granted by the Compensation Act, the insurance fund shall make up the difference, but that if the employee elects to take compensation, the awarding of compensation shall act as an assignment of the cause of action to the state for the benefit of the insurance fund, or other insurer. In these states acceptance of compensation bars any action against the third person by or on behalf of the employee. Typical statutes are those of New York, Oregon and Oklahoma. [Citing cases.]"

On comparison with many statutes of these three classes, it is apparent that the New Mexico law falls within the first or second class. We quote McArthur v. Dutee W. Flint Oil Co., Inc. (1929) 50 R. I. 226, 146 A. 484, 486, as affording a satisfactory interpretation of a statute similar to ours:

"We will next consider the question whether the plaintiff is barred from recovery by reason of the fact that he had received from his employer, or the latter's insurer, compensation as provided by the Workmen's Compensation Act.

"Section 20 of article 3, chapter 92, G. L. 1923, provides as follows: 'Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings both against that person to re-

cover damages and against any person liable to pay compensation under this chapter for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under this chapter, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and, to the extent of such indemnity, shall be subrogated to the rights of the employee to recover damages therefor.'

'"The defendant, relying upon the phrase 'but shall not be entitled to receive both damages and compensation,' contends that the plaintiff by accepting compensation from his employer made an election of remedies and cannot thereafter recover damages. There might be some force to this argument if compensation from the employer had made the plaintiff financially whole. If he had been made financially whole, he could not expect to be paid twice for his injuries; but compensation under said acts falls far short of making the plaintiff financially whole. Certain necessary expenditures for medicine and medical care were paid in full but the plaintiff loses one-half of his wages and receives nothing for the pain and suffering, or for physical impairment. To adopt the defendant's contention it is necessary to assume that the Legislature, in providing for a limited compensation to be received by an employee from his employer, intended to limit the liability of a person whose negligence caused the injury, provided the injured employee, in order to obtain medical attention, to live and support his dependents, accepts from his employer the limited compensation provided in said act. We find in the act nothing which indicates an intention to lessen the common-law liability of a third person whose negligence caused the injury. Why should such person be protected and given a gratuity at the expense of an innocent employee, who accepts the benefits provided for in the act when he is in no financial condition to await the results of protracted litigation to obtain damages? Such third person is required to respond in damages only when his negligence is the proximate cause of the injury. The employer who has accepted the provisions of the Compensation Act must share the loss with an employee, who has received an injury arising out of and in the course of his employment, even although the employer was in no wise at fault, and the injury was caused by a negligent third party, or by the employee's own negligence, excluding voluntary intoxication. Said section 20 provides that 'the employee may take proceedings both against that person to recover damages and against any person liable to pay compensation, * * * but shall not be entitled to receive both.' We think the fair meaning of the last phrase is that the employee 'shall not be permitted to receive both for his own use.' The purpose of said phrase is to deny double compensation. The statute authorizes the employee to proceed against both his employer and the negligent third person who caused the injury."

So we find that the trial court did not err in denying the plea in bar.

The question as to whether our statute, supra, effects an assignment pro tanto of the cause of action of Kandelin to the Pacific Indemnity Company next engages our attention as bearing on the assignment of error that the court erred in vacating the order consolidating the two causes. We assume for the moment that the New Mexico statute is controlling on the parties. The statute (section 156-124) declares: "the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman or his legal representative or others may have against any other party for such injuries or death."

We derive some assistance from a consideration of even dissimilar Workmen's Compensation Acts. For instance, Comp. Laws Utah 1917, § 3133, as amended by chapter 67, Laws Utah 1921, reads in part: "No employee * * * shall be granted compensation * * * unless such employee * * * shall assign any cause of action existing against the person responsible for or causing the injury * * * to the state insurance fund, if compensation be payable therefrom, and otherwise to the person * * * liable for the payment of such compensation." See Robinson v. Industrial Commission, 72 Utah, 203, 269 P. 513.

It would seem that our statute makes the assignment for the employee in case he receives compensation, and we may look to the law of assignments for analogies.

■ "Partial assignments of such choses in action as are assignable can be so made as to entitle the assignee to the rights of a co-owner against the assignor." 5 C. J. 894.

■ At law, a partial assignment of a chose in action is not recognized unless made with the consent or ratification of the debtor.

"Courts of equity, however, have always recognized partial assignment of choses in action for many purposes, and will protect the assignees under such partial assignments whenever they can do so without working a hardship upon the debtor." 5 C. J. 895.

In the discussion in 5 C. J., at page 896, it is said that the reason for the rule is: "(a) *Rationale of rule*—'The law that, if the debtor assents to the assignment in such a manner as to imply a promise to the assignee to pay to him the sum assigned, then the assignee can maintain an action, rests upon the theory that the assignment has transferred the property in the sum assigned to the assignee as the consideration of the debtor's promise to pay the assignee and that by this promise the indebtedness to the assignor is pro tanto discharged. It has been held, by courts of equity which have hesitated to enforce partial assignments against the debtor, that if he brings a bill of interpleader against all the persons claiming the debt or fund, or parts of it, the rights of the defendants will be determined

and enforced, because the debtor although he has not expressly promised to pay the assignees, yet asks that the fund be distributed or the debt paid to the different defendants according to their rights as between themselves; and the rule against partial assignments was established for the benefit of the debtor.' James v. Newton, 142 Mass. 366, 371, 8 N. E. 122, 56 Am. Rep. 692."

 Questions of whether a cause of action in tort is assignable, consent of the debtor or tort-feasor to the assignment, rules against splitting causes of action, yield to the provisions of our Workmen's Compensation Act. Under the laws like ours, requiring actions to be prosecuted in the name of the real party in interest, inveighing against splitting causes of action, and providing that "Law and equity may be administered in the same action" the Supreme Court of Utah in National Union F. Ins. Co. v. Denver, etc., R. Co., 44 Utah, 26, 137 P. 653, decided: "An insurance company receiving an assignment of a property owner's claim for damages against a railroad company for the negligent destruction of property, was the 'real party in interest' within Comp. Laws 1907, § 2902, so as to entitle it to sue on such assignment in its own name, even if the assignment was of only a part of the claim."

The court said:

"Starting out with the postulate that under our own statute the claim in question was assignable, and that the real party in interest must sue, why could not respondent bring this action upon the cause of action in this case precisely the same as it might sue on any other cause of action? Does the fact that some other person or persons may also have or claim to have some interest in the claim sued on deprive the respondent of the right to sue? We think not. * * *

"The supposed evil consequences that it is asserted will happen to a defendant if a plaintiff be permitted to sue upon a claim for less than the amount thereof, or in case he is permitted to bring an action upon a claim in which others, as assignees, may also claim or have an interest without in the first instance, joining those other claimants, are easily avoided by making the proper objections at the proper time."

And again: "The question, as we shall see, is merely one of bringing into the action all those who claim an interest in the subject-matter of the action, and not one respecting the right to bring an action by any one of the interested parties."

 It seems to us also that the assignment pro tanto of the employee's cause of action against a third person responsible for his injuries has not been extinguished merely because the employer has sued on the cause of action and recovered judgment. A note to 5 C. J. "Assignment," § 204, discussing partial assignments, reads: "In an action before a justice of the peace to enforce a claim secured by a mechanic's lien, it was held that the action was maintainable by the owner of the claim, although he had assigned a portion of his claim, and that the assignee need not be joined, that in such a case

the judgment is docketed in the superior court, and that the assignee may there claim a share of the proceeds of the sale of the property. Boyle v. Robbins, 71 N. C. 130."

Appellant is not prejudiced by this view. Our statute does not operate to diminish the recovery against the third party by the amount of compensation awarded and accepted by him under the Compensation Act. On the contrary, it contemplates reimbursement of the employer or his insurer. Whether the insurance carrier is entitled to any part of the recovery in this case is no concern of the appellant See Bernard v. Jennings (Oct. 1932) 209 Wis. 116, 244 N. W. 589, and see Schneider's Workmen's Compensation Law (2d Ed.), discussing the Kansas act at page 346: "The statute giving the employer who has paid compensation a right of subrogation to the extent of indemnity was not enacted for the benefit of the third person whose negligence caused the injury so the defense of payment of compensation is not available to the wrongdoer, whose only concern is to protect himself from double liability, the employer being entitled to reimbursement out of the proceeds of the judgment."

We next consider whether the New Mexico statute determines the rights of the parties in this case. Appellant contends that the laws of a sister state are presumed, in the absence of contrary pleading or proof, to be the same as laws of this state, and that this is so irrespective of whether the law of this state be statutory or common law, and cites

Norment v. Turley, 31 N. M. 400, 246 P. 748, and Carron v. Abounador, 28 N. M. 491, 214 P. 772. Assuming, but not conceding, that the cases cited go as far as appellant asserts, we turn to appellee's suggestion as to a qualification upon the rule advanced by appellant. In a note to Cherry v. Sprague, 67 L. R. A. 33, after stating, "So, in case of an action for tort which would create a cause of action at common law, it is not incumbent upon the plaintiff to prove, in the first instance, that the lex loci delicti creates such a cause of action; if it does not, that is a matter of defense," proceeds to say: "When, however, the plaintiff's cause of action is not one which is recognized at common law, but is one which, if it exist at all, is created by statute, it is incumbent upon the plaintiff, in the first instance, to prove that there is such a statute in the foreign jurisdiction, even though there be such a statute at the forum; and this seems to be true whether the courts of the forum, in general indulge the presumption in favor of the common law or the presumption that the law of another state is the same as the law of the forum, be the latter statutory or common law. Cases of the class under consideration are, therefore, an exception to the rule last referred to."

The note writer supports this statement with a number of illustrations, among them the following: "In Wisconsin, where the presumption that the law of another state is the same as that of Wisconsin is generally indulged, whether the latter be common law or statutory, the court, in MacCarthy v. Whit-

comb, 110 Wis. 113, 85 N. W. 707, while indulging the presumption that the law of Illinois was similar to the statute of Wisconsin abolishing the fellow-servant rule in certain cases, distinguishes such a statute from one which creates a cause of action for death, and clearly implies that no presumption would be indulged with respect to a statute of the latter kind."

Whether the partial assignment of Kandelin's cause of action by operation of law under the facts amounts to no more than the somewhat narrow right of subrogation, as that right existed under the common law, rather than the broader right of assignment, we do not decide, but, for the purpose of the present case, we adhere to the analogy of assignment. It is said in our Workmen's Compensation Act (Comp. St. 1929, § 156-105): "This act shall be construed as creating a new right and special procedure for the enforcement of the same."

 We do not doubt this is true generally. The various states in adoption of such legislation have declared their own varying policies. See Moseley v. Lily Ice Cream Co., supra. Nearly all of the compensation acts manifest an intention that the burdens placed upon the industries in the respective commonwealths by the acts shall be lightened by giving the employer who has paid compensation to an employee a right to share in the proceeds to a recovery by the employee receiving compensation of damages recovered from a negligent third party responsible for the injuries, or to itself proceed against the tort-feasor. In New York, apparently, the employer is entitled to the entire recovery against the tort-feasor. Schneider's Workmen's Compensation Law (2d Ed.) p. 367. In Ohio, the employer who has paid or become liable to pay compensation, may not bring suit against the wrongdoer for indemnification. Compensation is regarded as occupational insurance, and, like general insurance, cannot be deducted and treated as an offset for claims for damages by an injured employee against a third party. See Schneider's Workmen's Compensation Law, p. 370. In Massachusetts, by proceeding against the tort-feasor, the injured employee waives his right to compensation. See Schneider's Workmen's Compensation Law, p. 354.

Under our statute, the assignment to the employer of a portion of the claim of the workman against the wrongdoer responsible for his injuries arises because the employer has paid and the workman has accepted compensation "hereunder." It is not said that, if the workman has received compensation under the law of another state the person paying same enjoys the benefit of an assignment of a part of the injured person's cause of action.

 As a general rule, a right of action for a tort purely personal, in the absence of statute, is not subject to assignment before judgment. Such are causes of action for injuries to the person. 5 C. J. "Assignments," § 53. Our attention has not been called to any statutory modification except that contained in section 156-124, being a portion of

the Workmen's Compensation Act. This statute has no extraterritorial effect, and cannot affect the policy of the state of California. If, by the law of California, or otherwise, the recovery of compensation by Kandelin in California under the Compensation Act of that state, operates as an assignment of a portion of his cause of action against appellant who injured him, that is a fact which should be established by pleading and proof.

We come now to the question of whether the court erred in sustaining the motion of appellee to vacate the consolidation of the two causes. Section 105-828, Comp. St. 1929, reads: "When actions of a like nature or relative to the same question are pending, the court or judge may make such orders and rules concerning proceedings therein as may be conformable to the usages of the courts for avoiding unnecessary delay in the administration of justice, and on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown, such actions shall be consolidated."

In Marcus v. St. Paul Fire & Marine Ins. Co., 35 N. M. 471, 1 P.(2d) 567, we said that consolidation of causes is doubtless discretionary. This does not, however, imply an arbitrary discretion, but a legal discretion to be exercised in view of the facts and circumstances of the case. 1 C. J. 1123, 1124. In Lincoln-Lucky & Lee Mining Co. v. Hendry, 9 N. M. 149, 50 P. 330, it is indicated, in accordance with precedents elsewhere, that the exercise of such discretion is subject to reversal in case of palpable abuse. See 4 C. J. "Appeal and Error," § 2777. It is to be noted that our statute is very hospitable toward consolidations because it is provided that in the absence of objection "such actions shall be consolidated." In the case at bar, the consolidation occurred on motion of appellant and without objection by the appellee. A glance at the various workmen's compensation acts discloses an intention generally in situations like the one at bar to have all the parties interested before the court in a single trial. This is accomplished in some jurisdictions by making the employer who has paid compensation to the workman the sole party to recover damages from the wrongdoer responsible for the injuries, reimbursing itself out of a recovery, and turning over the excess to the workman. In other jurisdictions, the workman may sue the wrongdoer, but the employer may intervene so as to protect its interest in the recovery, and in some jurisdictions it is provided that the employee may commence and control the action, but he must give notice of such action to the employer who has paid compensation. In Iowa the employee may proceed against the tort-feasor and recover the full amount of damages payable at law. In such case the employer or insurer shall be made a party. Schneider's Workmen's Compensation Law (2d Ed.) p. 345. The consolidation of the two causes in the case at bar, accomplishes a purpose similar to the foregoing. The Pacific Indemnity Company, in its action, made common cause with the plaintiff to establish the liability of appellant for the in-

juries. The plaintiff, Kandelin, was not prejudiced by its presence in the consolidated causes. It is claimed by appellant that the prejudice of a probable double recovery would visit it by reason of the absence of the Pacific Indemnity Company as a party. Apparently the consolidation was vacated and the Pacific Indemnity Company was out of the case before the court ruled adversely to appellant on the plea in bar contained in its answer, and before refusing appellant's tender of evidence of the suit pending of the Pacific Indemnity Company. The Pacific Indemnity Company, not being in the case when these rulings were made, is not bound thereby. We cannot know what further proceedings might have been taken by the parties after the denial of the plea in bar and the rejection of such offered evidence. It is contended by appellee that appellant is not prejudiced by the order vacating the consolidation, because "The order of vacation was in effect an adjudication by the district court that Pacific Indemnity Company had no interest in the cause of action, being asserted by Kandelin v. the Lee-Moor Contracting Company. This adjudication. right or wrong, is the law of the case. Pacific Indemnity Company is bound by it and has failed to appeal. It is, therefore forever barred from asserting the invalidity of this adjudication and consequently barred from asserting any claim against Lee-Moor Contracting Company."

Appellee is mistaken. We hold that the order vacating the consolidation was not such an interlocutory judgment, order, or decision as practically disposed of the merits of the action, so as to afford Pacific Indemnity Company an appeal under section 1 of rule II of Rules of Appellate Procedure, and as we have seen, they were out of the case when the other rulings were made, and are not parties to this appeal.

We think the trial court erred in vacating the consolidation. It may have been invited error, since the defendant's answer by way of plea in bar presented an issue and which was inconsistent with consolidation. But we think that, upon the record, the defendant is entitled to an adjudication as to whether the Pacific Indemnity Company has an interest in the recovery. We do not disturb the verdict, but the judgment is reversed, and the cause remanded, with direction to reinstate the consolidation, to the end that, upon notice to the parties including Pacific Indemnity Company, an issue may be framed as to the right of the Pacific Indemnity Company to participate in the recovery, and that proper proceedings be taken to determine such issue within a reasonable time, and such a new judgment be entered as is appropriate, and that such further proceedings be had as may be proper, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.