642 P.2d 198

Robert BRITZ, Plaintiff-Appellant,

v.

JOY MANUFACTURING COMPANY, a foreign corporation, and National Union Fire Insurance Company of Pittsburgh, Defendants-Appellees.

No. 5180.

Court of Appeals of New Mexico.

Feb. 2, 1982.

Certiorari Quashed March 12, 1982.

J. Wayne Woodbury, Silver City, for plaintiff-appellant.

Larry Ramirez, Las Cruces, for defendants-appellees.

## OPINION

NEAL, Judge.

In this workmen's compensation action plaintiff was denied relief because he had settled with a third party tortfeasor and therefore, under the provisions of § 52–1–56(C), N.M.S.A. 1978, he was not entitled to recover workmen's compensation benefits. Plaintiff appeals. We affirm.

Plaintiff contends: (1) that the trial court erred in finding no inequitable conduct on the part of defendant; (2) plaintiff did not make an election of remedies under § 52–1–56(C); and (3) plaintiff is entitled to workmen's compensation because the employer was not prejudiced.

The plaintiff, age 58, has an eleventh grade education and was employed by defendant as a driller. On February 20, 1980, while driving a company truck, he was struck by a vehicle driven by Michael Drain (third party). Plaintiff was in the hospital for one week. His supervisor, Ed Johnson, brought workmen's compensation claim papers to the hospital, and thereafter mailed the papers to the company. A representative of State Farm Insurance, insurance

carrier for the third party, contacted Ed Johnson and told Johnson that they wanted to see the plaintiff. Johnson went to the hospital to tell the plaintiff to see the State Farm representative. On February 27, the day after the plaintiff was released from the hospital, a representative of the defendant's workmen's compensation carrier took a statement from the plaintiff for the purpose of processing his workmen's compensation claim. Ed Johnson set up an appointment for February 27 with State Farm (the third party's insurance company) and told plaintiff to be sure to keep the appointment. On February 27, at the meeting with State Farm, plaintiff received a check from State Farm for $1250.21. State Farm also paid hospital bills totaling $1113.75. No negotiation or settlement took place on February 27. On March 3, 1980, plaintiff called defendant's compensation insurance carrier and talked to Babette Beeler, an adjuster for the compensation carrier. Plaintiff testified:

> " * * * well, I told her if I didn't get a settlement with State Farm then I wanted my compensation, and she said she had the compensation papers right on her desk, and she told me to call back in a half hour, so I called back * * * and talked to her again and she told me to call the State Farm representative in Las Cruces and gave me his phone number."

Plaintiff needed the State Farm representative's phone number because he couldn't find it. Plaintiff further testified that Beeler, the compensation carrier's representative, knew that he was "settling" or "dickering" with State Farm. Plaintiff further testified that no one told him that settling the claim with State Farm would affect his workmen's compensation. Later that day, March 3, 1980, plaintiff went to the State Farm office in Las Cruces and signed a formal release for $3800.00, in addition to the money previously paid.

Babette Beeler, representative of defendant's compensation carrier, testified that when plaintiff called her on March 3 he stated that he "was not interested in making a compensation claim; that he wanted to retire." Beeler testified the workmen's compensation carrier for the defendant testified that she made no promise or representation to the plaintiff on March 3. Beeler also testified that she did not know what effect a settlement would have on plaintiff's compensation claim, and that, concerning settlement, she had no idea anything was taking place. She did testify, however, that she knew he intended to settle but thought it might be "six months from then;" she had no idea when he might settle. She testified she did not try to mislead the plaintiff, and that when she talked to the plaintiff on March 3, she didn't know he was going to settle with State Farm later that day.

Plaintiff settled with the third party tortfeasor, and at trial sought to avoid the consequences of his act by claiming defendants' inequitable conduct should not prevent his compensation claim.

## 1. Defendants' conduct.

There is substantial evidence to support the finding of the trial court that the defendants did not wrongfully mislead plaintiff into settling his claim. Findings in a workmen's compensation case will not be disturbed on appeal if they are supported by substantial evidence, and the evidence is viewed in the light most favorable to support the findings. *Marez v. Kerr-McGee Nuclear Corporation*, 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978). Ed Johnson, plaintiff's supervisor, did tell plaintiff to "be sure and go" to his appointment with State Farm. Plaintiff, however, testified that Johnson was a "good friend." Johnson testified that he knew only about filing accident reports, and didn't know anything about workmen's compensation law. Johnson further testified that he didn't know plaintiff was negotiating for a settlement, and that he gave no advice to plaintiff pertaining to the settlement.

There is evidence that Babette Beeler, the compensation carrier representative, did not mislead plaintiff and that she did not encourage or discourage him from settling his claim. She testified that plaintiff told

her that he was not interested in making a compensation claim and that he was going to retire. She further testified that she did not know the effect of a settlement, and did not know if or when plaintiff was going to settle.

There is substantial evidence to support the trial court's finding that neither Ed Johnson nor Babette Beeler wrongfully misled plaintiff into settling his third party claim.

Plaintiff challenges the trial court's conclusion of law that defendant was under no affirmative duty to advise plaintiff of the effect of a settlement. It is true that equitable claims, including estoppel, apply to workmen's compensation claims. *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969). Plaintiff argues that Joy's compensation representative, Babette Beeler, was under an affirmative duty to inform plaintiff that if he settled he would not get workmen's compensation benefits, and not having done so plaintiff should be able to recover compensation. We have been unable to find a case, nor have we been cited to one which, under the facts of this case, places such a duty on the defendant-employer or their insurance companies. The trial court was correct in concluding that the defendants were under no affirmative duty to tell plaintiff the effect of a settlement.

### 2. *Election of remedies.*

■ Plaintiff next argues that he did not make an election of remedies under § 52–1–56(C) because he did not make a *knowledgeable* election; he did not know that by settling he would be barred from recovering workmen's compensation. Defendants, however, were under no duty to inform the plaintiff of the effect of settlement, therefore plaintiff is fully responsible for his actions; he cannot complain that he had no knowledge.

### 3. *Prejudice to employer.*

■ Finally, plaintiff argues that because the employer's right to reimbursement has not been prejudiced he should be allowed to recover workmen's compensation benefits. He argues (1) that § 52–1–56(C) is a reimbursement statute; (2) that § 52–1–56(C) protects employer's right of reimbursement; and (3) therefore, if the employer's right of reimbursement has not been prejudiced, the workman can still collect compensation benefits.

Section 52–1–56(C), N.M.S.A. 1978 provides:

> The right of any workman * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer * * * shall not be affected by the Workmen's Compensation Act, but he * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer * * *.

The statute then explains that if the employer has paid workmen's compensation benefits receipt of compensation benefits from the employer operates as an assignment to the employer of any cause of action to the extent the employer has paid compensation to the workman. The purpose of this section is two-fold: to prevent dual recovery, *Brown v. Arapahoe Drilling Company*, 70 N.M. 99, 370 P.2d 816 (1962), and to provide reimbursement for employers, *Reed v. Styron*, 69 N.M. 262, 365 P.2d 912 (1961).

The law in New Mexico is clear that having recovered from a third party tortfeasor, a workman is barred from receiving workmen's compensation benefits. Section 52–1–56(C), *supra*; *White v. New Mexico Highway Commission*, 42 N.M. 626, 83 P.2d 457 (1938); *Thomas v. Barber's Super Markets, Inc.*, 74 N.M. 720, 398 P.2d 51 (1964). Where a claimant has sought relief from a third party the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole, and thus any subsequent compensation claim is barred. *Castro v. Bass*, 74 N.M. 254, 392 P.2d 668 (1964); *Seminara v. Frank Seminara Pontiac-Buick, Inc.*, 95 N.M. 22, 618 P.2d 366 (Ct.App.1980).

598

Plaintiff's argument is faulty for the following reasons. First, it assumes that the statute's sole purpose is to protect the employer's right to reimbursement. This is not so. One object of the statute is to prevent dual recovery. *Brown, supra.* Second, plaintiff relies on *Lang v. William Brothers Boiler and Manufacturing Company*, 250 Minn. 521, 85 N.W.2d 412 (1957). However, Minnesota law provides concurrent remedies for the employer and the workman. An election is not necessary. Thus, *Lang* is not applicable. Our statute, § 52–1–56(C), provides for a single cause of action. *Reed, supra.* An election is required. Third, plaintiff's argument focuses on the employer's right of reimbursement, a right which follows payment of compensation but does not precede it. *Brown, supra.* In this case the employer never paid any compensation. The workman is free to pursue the third party action on his own and the employer is not a necessary party. *Herrera v. Springer Corporation*, 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973), rev'd on other grounds, 85 N.M. 201, 510 P.2d 1072 (1973). The workman pursued his claim and recovered. Because workmen's compensation was never paid there was never a right or reimbursement. *Brown, supra.* Any effect on the employer's non-existent right of reimbursement is irrelevant; plaintiff's right to workmen's compensation does not depend on a right to reimbursement which never came into existence.

We affirm the judgment of the trial court.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.