702 P.2d 1008 (1984)
103 N.M. 63
Rhoda ann STRICKLAND, A Personal Representative of the Estate of Joseph Kay Strickland, Deceased, Plaintiff-Appellant,
v.
ROOSEVELT COUNTY RURAL ELECTRIC COOPERATIVE and Cyril E. Carter, Defendants,
Elizabeth Cunnan, Mother and Next Friend to Patrick Strickland, Appellee.
No. 7624.
Court of Appeals of New Mexico.
November 1, 1984.
Certiorari Denied December 31, 1984.
Certiorari Quashed July 23, 1985.
Janet Santillanes, Klecan & Santillanes, Albuquerque, for plaintiff-appellant.
Terry M. Word, Mary Ann Garcia-Word, Albuquerque, for defendants-appellees.

OPINION
BIVINS, Judge.
Plaintiff Rhoda Ann Strickland, as personal representative, brought this wrongful death action against a utility and farm owner for damages resulting from death of plaintiff's husband, Joseph Strickland. For factual background, see Strickland v. Roosevelt County Rural Electric Cooperative, 99 N.M. 335, 657 P.2d 1184 (Ct.App. 1982). In that case this court affirmed the judgment against the utility company and the order of the trial court that the worker's compensation carrier be reimbursed out of the judgment.
Upon remand following that appeal, the utility company paid the amount of the judgment into court. It is not a party to this appeal. Reimbursement was then made to the compensation carrier for the compensation benefits paid to plaintiff, as decedent's widow, and to Patrick Strickland, decedent's natural child, less the compensation carrier's proportionate share of attorney fees and costs. No appeal was taken from that order.
The trial court then entered an order determining that plaintiff and Patrick were equally entitled to the proceeds of the wrongful death award, and that "each of *1009 these distributees shall have deducted from their respective one-half (1/2) of the judgment that portion of the reimbursement representing sums paid by the compensation carrier to that distributee * * *." Plaintiff appeals from this order of distribution. (Plaintiff also appealed from an order excluding her son, Paul Strickland, from sharing in the wrongful death proceeds, but later abandoned that claim.)
Plaintiff contends that after reimbursing the compensation carrier the balance of the judgment should be distributed equally to herself, as surviving wife, and to Patrick, as surviving child. On the other hand, while Patrick agrees that the amount of the wrongful death proceeds should be divided equally between plaintiff and himself, he disagrees as to the amount to be divided equally. He argues that the total judgment should have been divided into two equal shares, and each should be required to reimburse the compensation carrier from an equal share the amount of benefits that each distributee received from the compensation carrier. The method adopted makes a significant difference in the net recovery that each party will receive.
Before illustrating this difference, we first set out the undisputed facts as to the respective rights of the parties to participate in the worker's compensation benefits and in the wrongful death proceeds. As a result of an appeal in Cunnan v. Blakley and Sons, Inc., 93 N.M. 217, 598 P.2d 1177 (Ct.App. 1979), it was determined that plaintiff and her son, Paul (decedent's stepson), were entitled to 55% of the decedent's average weekly wage and Patrick, as the natural son, was entitled to 5% thereof. Based on these percentages, the trial court in its order deducted from plaintiff's share the sum of $38,578.69, and from Patrick's share the sum of $3,809.49. The parties do not dispute that under the Wrongful Death Act, each is entitled to one-half of the judgment proceeds. See NMSA 1978, § 41-2-3 (Repl.Pamp. 1982). Nor do the parties dispute the compensation carrier's right to reimbursement.
Thus, the sole issue on appeal is whether equal distribution of net proceeds is to be made among these beneficiaries under the Wrongful Death Act after reimbursing the compensation carrier from the total wrongful death award, or should each wrongful death beneficiary reimburse the compensation carrier from his and her equal share of the total judgment the amount of compensation benefits received by that beneficiary. This is a matter of first impression in this state.
We answer the question by holding that each wrongful death beneficiary should reimburse the compensation carrier from his or her share of the wrongful death award the amount of benefits received by that beneficiary pursuant to the Workmen's Compensation Act. NMSA 1978, §§ 52-1-1 to -69 (Orig.Pamp. and Cum.Supp. 1984). In so holding, we affirm the trial court.
To graphically illustrate the difference in the two approaches and using round figures without deductions for costs or attorney fees, the facts before us would produce these results:

 Plaintiff's method:
Total available $120,000
Less reimbursement $ 42,000
 ________
 $ 78,000
Distribute to each
 beneficiary one-half $ 39,000
 The court's method:
Total available $120,000
Distribution to each
 beneficiary $ 60,000
Plaintiff's net recovery $ 22,000 ($60,000-$38,000)
Patrick's net recovery $ 56,000 ($60,000-$4,000)

Under plaintiff's approach she and Patrick would each receive net $39,000, whereas as under the court's method she would receive only $22,000.
While conceding a disparity in wrongful death benefits would result under her approach, plaintiff argues that the Workmen's Compensation Act contemplates this disparity by allowing a widow more benefits than children. While this is true, what *1010 plaintiff overlooks is that under the Workmen's Compensation Act, there can be but one recovery. Section 52-1-56(C) reserves the right of any worker, or in the case of death, those entitled to receive payment or damages occasioned to the worker, to pursue claims against third parties, but clearly provides that "he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor, and also claim compensation from the employer * * *."
In Britz v. Joy Manufacturing Co., 97 N.M. 595, 597, 642 P.2d 198, 200 (Ct.App. 1982), we said:
Where a claimant has sought relief from a third party the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole, and thus any subsequent compensation claim is barred. Castro v. Bass, 74 N.M. 254, 392 P.2d 668 (1964); Seminara v. Frank Seminara Pontiac-Buick, Inc., 95 N.M. 22, 618 P.2d 366 (Ct.App. 1980).
We also stated in Britz the two-fold purpose of Section 52-1-56(C): "to prevent dual recovery, Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816 (1962), and to provide reimbursement for employers, Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961)." 97 N.M. at 597, 642 P.2d at 200.
To adopt plaintiff's method of distribution would allow her double recovery. This we cannot do. Brown v. Arapahoe Drilling Co. Plaintiff argues that "[w]hat Judge Martinez's Order did was allow the son to make up through the wrongful death judgment for the inequality of benefits mandated by the Compensation Act, at the expense of the widow." This is incorrect. What the order did was allow each wrongful death beneficiary to receive his or her statutory amount, subject to reimbursing the compensation carrier for benefits received under the Workmen's Compensation Act. This makes each beneficiary whole and avoids double recovery by either.
Relying on language in the original judgment, affirmed in Strickland, that required reimbursement to the compensation carrier out of the entire judgment, plaintiff also argues that this became the "law of the case" so that the trial court had no authority to order reimbursement out of the parties' respective shares. The trial court did order reimbursement out of the entire judgment. This did not, however, preclude apportionment between the recipients of the award. The trial court had authority to do what it did.
Plaintiff relies on cases from other jurisdictions to support her contentions. We have reviewed those cases and find that none actually addresses the question presented in this appeal or applies to a statutory provision similar to those adopted by this state.
We affirm the trial court's order making distribution. Appellate costs shall be borne by plaintiff.
IT IS SO ORDERED.
DONNELLY, C.J., and MINZNER, J., concur.