800 P.2d 212

**Joseph Charles APODACA,
Claimant–Appellant,**

v.

**FORMWORK SPECIALISTS and Mountain States Mutual Casualty Company,
Respondents–Appellees.**

**No. 12271.**

Court of Appeals of New Mexico.

Sept. 6, 1990.

Certiorari Denied Oct. 17, 1990.

Thomas J. Clear, III, Clear & Clear, P.A., Albuquerque, for claimant-appellant.

Mark J. Riley, Padilla, Riley & Shane, P.A., Albuquerque, for respondents-appellees.

## OPINION

ALARID, Judge.

Worker appeals the denial of compensation benefits for an injury related to his job. Our first and second calendar notices proposed summary affirmance. Worker has filed memoranda in opposition to our calendar notices. We are not persuaded by worker's arguments that affirmation is not the correct disposition. Therefore, we affirm.

Worker was injured in February 1986 while employed by Formwork Specialists (Formwork). Formwork provided workers' compensation benefits to worker through its insurer, Mountain States Mutual Casualty Company (Mountain States). The general contractor for the construction at the time of worker's injury was Page & Wirtz Construction Company (Page). In February 1987, worker filed a workers' compensation claim seeking increased benefits based on his claim that Formwork failed to provide an adequate safety device. Worker was denied an increase in benefits.

Worker filed a second workers' compensation claim in March 1988 for payment of medical services provided by Dr. Ronald Racca. At the same time, worker filed suit against Page for negligence. Mountain States intervened in that suit for reimbursement. Page filed a third-party action against Formwork, which was later dismissed. Mountain States and worker settled with Page for reimbursement. The stipulation for settlement provided that all claims and issues in the action were resolved.

Mountain States and Formwork sought to dismiss the workers' compensation claims, arguing that worker was not entitled to dual recovery under NMSA 1978, Section 52–1–56(C) (Orig.Pamp.). Worker claimed that NMSA 1978, Section 52–1–10.1 (Repl.Pamp.1987) applies to this case and allows worker to recover from a third party, and also pursue a workers' compensation claim against his employer. The workers' compensation judge dismissed worker's claims. Worker appealed.

As we have stated in our calendar notices, Section 52–1–10.1 clearly governs only the employer's right to reimbursement. This section requires that an employer's right to reimbursement be diminished by the percentage of fault attributed to employer where the employer is found to have proximately caused the injury to worker. *See id.* (if the fault of the worker's employer is found to have proximately caused the worker's injury, the employer's right to reimbursement from the proceeds of the worker's recovery in any action against any wrongdoer shall be diminished by the percentage of fault, if any, attributed to the employer). This section has no bearing on this case where worker is claiming workers' compensation benefits, and Section 52–1–10.1 applies only to employer's right to reimbursement.

Worker is not entitled to dual recovery from his employer in order to make him whole under our workers' compensation laws. *See* § 52–1–56(C); *see also Britz v. Joy Mfg. Co.*, 97 N.M. 595, 642 P.2d 198 (Ct.App.1982). Where a claimant has sought relief from a third party, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole, and thus any subsequent compensation claim is

barred. *Id.* at 597, 642 P.2d at 200; *see also Castro v. Bass,* 74 N.M. 254, 392 P.2d 668 (1964) (where employee had recovered from third party tortfeasor, he cannot justify suit for compensation against employer on ground that recovery from third party was inadequate).

 Worker entered into a stipulated settlement with the third party, making him financially whole, and cannot subsequently claim compensation from his employer. *Id.* Worker received compensation benefits from employer, and in so doing, he surrendered his rights to any other form of compensation from employer. *See* NMSA 1978, § 52–1–6(D) (Repl.Pamp.1987). For the reasons stated herein and in our calendar notices, we affirm the decision of the workers' compensation judge.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.