838 P.2d 971

**Carmella M. MONTOYA, Petitioner,**

v.

**AKAL SECURITY, INC. and Royal Insurance Co., Respondents.**

No. 20116.

Supreme Court of New Mexico.

Sept. 2, 1992.

Rehearing Denied Oct. 1, 1992.

Charles A. Purdy, Santa Fe, for petitioner.

Montgomery & Andrews, Katherine W. Hall, Santa Fe, for respondents.

## OPINION

RANSOM, Chief Justice.

We issued our writ of certiorari to the Court of Appeals to reconsider the rule that satisfaction of a claim against a third-party tortfeasor extinguishes a worker's right to compensation and related benefits arising from the same circumstances as the third-party claim. That rule derives from *Castro v. Bass*, 74 N.M. 254, 392 P.2d 668 (1964), and NMSA 1978, Section 52–5–17 (Cum.Supp.1986). In an unpublished opinion founded on *Castro*, the Court of Appeals affirmed a denial of benefits by the workers' compensation judge. We reverse.

*Facts and proceedings.* On June 3, 1987, Carmella Montoya was attacked and severely injured at the Santa Fe Vocational–Technical School while performing her duties as a security guard in the employ of AKAL Security, Inc. Montoya received medical benefits from Royal Insurance Company, the workers' compensation insur-

ance carrier for AKAL, and, on May 15, 1988, Royal began payment of temporary total disability benefits.

On June 1, 1989, Montoya brought suit against the school to recover damages for her injuries. Later that year, Montoya alerted Royal to the third-party action, and in early 1990 she notified Royal of her intention to settle that action. On April 27, 1990, Montoya settled for $7,500 and executed a release in favor of the school. The suit was dismissed with prejudice on May 4, and on June 16 Royal terminated the workers' compensation benefits Montoya had been receiving. Shortly thereafter, Montoya filed a claim to reinstate the benefits. AKAL and Royal successfully moved for summary judgment on the grounds that Montoya's claim for workers' compensation benefits was barred by *Castro* and Section 52–5–17.

*Historical interpretation of Section 52–5–17.* Montoya contends that the *Castro* rule should be reconsidered in light of comparative negligence principles. To do so, we must examine *Castro* along with the historical interpretation of Section 52–5–17. That statute, in pertinent part, provides:

> The right of any worker or employee * * * to receive payment or damages for injuries or disablement occasioned to him by the negligence or wrong of any person other than the employer * * * shall not be affected by the Workers' Compensation Act * * *, but the claimant shall not be allowed to receive payment or recover damages for those injuries or disablement and also claim compensation from the employer. In such case, the receipt of compensation from the employer shall operate as an assignment to the employer or his insurer, guarantor or surety of any cause of action, to the extent of payment by the employer to or on behalf of the worker or employee for compensation or any other benefits to which the worker or employee was entitled * * *.

NMSA 1978, § 52–5–17. Two concerns said to be embodied in Section 52–5–17 drive the case law of third-party actions: (1) prohibition against double recovery, and (2) protection of the employer's right to reimbursement from the proceeds of the third-party action. *See Brown v. Arapahoe Drilling Co.,* 70 N.M. 99, 104–05, 370 P.2d 816, 820 (1962).

In *White v. New Mexico Highway Commission,* 42 N.M. 626, 83 P.2d 457 (1938), this Court held that the predecessor to Section 52–5–17 forbade a worker from subsequently claiming benefits under the Act if the worker, without the consent or knowledge of the employer or the employer's insurer, first executed a third-party release for less than the worker was entitled to under the Act. The Court stated:

> The plaintiff undoubtedly had the right to settle with the tort feasor on any terms satisfactory to him. But when he elected to "receive payment or recover damages" from the tort feasor without the knowledge or consent of his employer he no longer came under the act, which provides that he "shall not be allowed to * * * also claim compensation from such employer hereunder." There is but one cause of action and when that is satisfied there is nothing to be assigned to the employer or its insurer by operation of the statute.

*Id.* at 628, 83 P.2d at 458. Although the reasoning is sparse, the Court apparently was concerned with possible prejudice to the employer's statutory assignment of the third-party action. *See Brown,* 70 N.M. at 104, 370 P.2d at 820 (characterizing *White* as concerned with estoppel). It had been established, nonetheless, that a worker is not barred from pursuing a third-party tortfeasor action in the worker's own name after receiving benefits under the Act. This is because receipt of benefits does not make the worker financially whole and, since the worker's cause of action is assigned pro tanto to the employer, there is no double recovery. *Kandelin v. Lee Moor Contracting Co.,* 37 N.M. 479, 486, 24 P.2d 731, 734–35 (1933).

Despite the "assignment" language of Section 52–5–17, the statute contemplates *reimbursement* of the employer. *Id.* at 489, 24 P.2d at 736. "We have held this to be a reimbursement statute and that there

is but a single cause of action in the employee, even though a part of the recovery is to be paid to the employer or his insurer." *Royal Indem. Co. v. Southern Cal. Petroleum Corp.*, 67 N.M. 137, 144, 353 P.2d 358, 363 (1960) (citing *Kandelin*).

*Castro v. Bass.* Later, in *Castro*, the Court suggested that Section 52–5–17 embodies a rule of election and we held that when the worker collects in full a judgment from a third-party tortfeasor in an amount that is less than the maximum the worker would have been entitled to receive under the Act, the worker is barred from subsequently recovering workers' compensation. *Castro*, 74 N.M. at 259–60, 392 P.2d at 672–73. We rejected the worker's argument that recovery in the tort action was inadequate and we stated that, since no appeal was taken in that action and the judgment was satisfied, the plaintiff could not be heard to complain of inadequacy in the recovery. *Id.* at 258, 392 P.2d at 671–72.

Justice Noble, dissenting in *Castro*, approached the issue from the view of the subrogation or reimbursement rights of the employer. He first observed that the statute permits the employer to share in any recovery by the employee from a third-party tortfeasor immediately upon payment of compensation, and that the employer is entitled to receive an amount equal to the employer's full liability. *Castro*, 74 N.M. at 261, 392 P.2d at 674 (Noble, J., dissenting). He noted also that the statute gives the worker the opportunity to obtain one full recovery, but prohibits the worker from receiving two recoveries for the worker's own benefit. *Id.* Since the employee had received compensation benefits prior to instituting the third-party action, *Id.* at 255, 392 P.2d at 669, and because the employer had participated in the third-party action and was specifically subrogated in the judgment pursuant to statute, Justice Noble reasoned that the employer's right to reimbursement was not compromised and the worker would receive only a single recovery for his own benefit. *Id.* at 263, 392 P.2d at 675 (Noble, J., dissenting).

In addition, Justice Noble would shun any interpretation of the statute that would limit receipt of benefits only to those instances in which the worker obtains a worker's compensation award prior to instituting a third-party action. *Id.* Rather than adopting a technical rule of forfeiture, he apparently would focus on whether the employer's right to reimbursement was compromised by some action of the worker. *Id.* at 262, 392 P.2d at 674 (Noble, J., dissenting).

The reasoning of the *Castro* Court's majority, however, focused on the purported double recovery that would arise should the plaintiff be permitted to receive compensation. The Court relied on the presumption that "when damages are sought and recovered from the tortfeasor, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole." *Id.* at 258, 392 P.2d at 671. To permit subsequent recovery of compensation would "amount to a receipt of payment or recovery of damages while at the same time claiming compensation which is specifically prohibited by the statute." *Id.* at 259, 392 P.2d at 672. Later cases have understood *Castro* to require and impose an election of remedies. *See, e.g., Britz v. Joy Mfg. Co.*, 97 N.M. 595, 597, 642 P.2d 198, 200 (Ct. App.), *writ quashed*, 98 N.M. 51, 644 P.2d 1040 (1982); *Seminara v. Frank Seminara Pontiac–Buick, Inc.*, 95 N.M. 22, 24–25, 618 P.2d 366, 368–69 (Ct.App.1980).

*Castro progeny.* Even when a worker prosecuted a third-party action to judgment and the jury returned a verdict in favor of the worker but awarded no damages, the Court of Appeals subsequently affirmed summary judgment in favor of the employer in the worker's claim for benefits under the Act. *Seminara*, 95 N.M. at 22, 618 P.2d at 366. The Court refused to deem as a nonexistent remedy an election that results in no award. *Id.* at 25, 618 P.2d at 369. The Court apparently interpreted *Castro* to mean that a jury determination of damages, regardless of the amount awarded or recovered, "is an award for all injuries," *Seminara*, 95 N.M. at 24, 618 P.2d at 368, and that the worker is thereafter barred from claiming compensation.

The *Castro* rule has been applied so that a third-party settlement prior to receipt of any benefits under the Act bars any subsequent claim to compensation benefits. *Apodaca v. Formwork Specialists*, 110 N.M. 778, 779–80, 800 P.2d 212, 213–14 (Ct.App.) (even when employer's right of reimbursement has not been compromised, subsequent claim to compensation is barred by settlement with third-party tortfeasor), *cert. denied*, 110 N.M. 749, 799 P.2d 1121 (1990); *Garcia v. Middle Rio Grande Conservancy*, 99 N.M. 802, 805–06, 664 P.2d 1000, 1003–04 (Ct.App.) (same), *cert. denied*, 99 N.M. 740, 663 P.2d 1197 (1983); *Britz*, 97 N.M. at 597–98, 642 P.2d at 200–01. These cases should be reconsidered. In so doing, principles of comparative negligence bolster, but are not dispositive of our decision.

■ *Analysis.* We begin with the plain language of Section 52–5–17. That Section does not require an "election." The *Castro* Court has observed that Section 52–5–17 cautions against double recovery of damages, *Castro*, 74 N.M. at 259, 392 P.2d at 672, and the statute by its own terms evinces a legislative intention to prevent windfall recoveries to injured workers: "the claimant shall not be allowed to receive payment or recover damages for those injuries or disablement and also claim compensation from the employer." Section 52–5–17. But the broader objective of the statute is to achieve an equitable distribution of the risk of loss. Thus, once the employer has begun payment of compensation benefits to the employee, such payment operates as an assignment of the cause of action against the third-party tortfeasor, pro tanto for payments made under the Act.

The focus of *Castro* on double recovery skews the purpose of Section 52–5–17 from equitable allocation of responsibility toward an unnecessarily harsh rule of election. Since payment of benefits effects an assignment of the third-party cause of action to the employer, and by virtue of such assignment the employer is reimbursed from the proceeds of the action, it is difficult to perceive any danger of double recovery under Section 52–5–17. That is, Section 52–5–17 itself addresses the problem of double recovery by statutory assignment and reimbursement. Accordingly, we reject the *Castro* rule that has rendered prosecution to judgment of a third-party action a bar to subsequent collection of benefits. *Castro* and its progeny hereby are overruled to the extent they are inconsistent with this opinion.

Moreover, the ameliorative principles of comparative negligence erode the fear of double recovery that gave rise to imposition of the fiction that a worker elected to be made financially whole from satisfaction of a third-party claim. In 1981, this Court adopted the principles of comparative negligence. *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981). The following year, the Court of Appeals in *Bartlett v. New Mexico Welding Supply, Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982), abrogated the doctrine of joint and several liability in favor of several liability. In so doing, the Court rejected any notion that a cause of action is indivisible. *Id.* 98 N.M. at 157, 646 P.2d at 584. An employee executing a release in favor of one third-party tortfeasor no longer can be said, as a matter of law, to have been made financially whole. Other parties may have been responsible for the injuries, or for that matter the employer may have been partially at fault.[1]

---

1. In their dissenting opinion in *Taylor v. Delgarno Transportation, Inc.*, 100 N.M. 138, 667 P.2d 445 (1983), Chief Justice Payne and Justice Sosa observed: "The cases which were decided under the doctrine of contributory negligence and under joint and several liability principles were correct in providing that the employer or its insurer must be reimbursed for workmen's compensation benefits paid because in those cases the workman could have recovered 100% of his damages from a third-party tort-feasor in addition to receiving workmen's compensation benefits. That would clearly have been a double recovery. Under current New Mexico law, a workman will not recover the entire amount of his damages from a third-party tort-feasor if the employer was partially negligent. Double recovery can occur only if the workmen's compensation benefits paid exceed the negligent employer's proportionate share of liability." *Id.* at 142, 667 P.2d at 449 (Payne, C.J. & Sosa, J., dissenting) (citation omitted). The dissenters'

**358**

Yet, it is not upon the doctrine of comparative negligence that we conclude *Castro* was wrong. We reject the fiction that a worker has been made financially whole when the worker has received less than the compensation and related benefits to which entitled under the Act. If there is a problem with a satisfaction of the third-party claim, it does not go to double recovery. Rather, it goes to the amount of reimbursement or credit to which the employer is entitled.

 *Conclusion.* The burden lies with the worker to show that a third-party release or satisfaction of judgment has not discharged fully the employer's liability to pay benefits. However, if the worker has dealt with the third party in good faith and at arm's length, then the net amount paid presumptively would be the amount by which the employer's liability is reduced. *See Transport Indem. Co. v. Garcia,* 89 N.M. 342, 552 P.2d 473 (Ct.App.), *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976) (expenses of third-party action to be prorated). If fairness of the amount is contested, the workers' compensation judge must hold a hearing to determine whether the amount paid to satisfy the third-party claim comports with the proportionate fault of the third party and with a reasonable compromise of the liability of that party. In such a contest, it is for the workers' compensation judge to decide the employer's right to reimbursement and credit, if any, against liability for future compensation and related benefits.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the workers' compensation judge for proceedings consistent with this opinion.

IT IS SO ORDERED.

BACA, FRANCHINI and FROST, JJ., concur.

MONTGOMERY, J., not participating.

concerns were vindicated by passage of NMSA 1978, Section 52–1–10.1 (Repl.Pamp.1991),

which effectively overruled the majority in *Taylor* and adopted the rationale of the dissenters.