515 P.2d 1281

Joe E. SILVA, Plaintiff-Appellee,

v.

Jimmy D. NOBLE, Defendant-Appellant.

No. 9661.

Supreme Court of New Mexico.

Nov. 2, 1973.

**678**

Johnson, Paulantis, Lanphere & Monroe, James T. Paulantis, Albuquerque, for appellant.

Brandenburg, Ramming & Brandenburg, Taos, for appellee.

## OPINION

MONTOYA, Justice.

This action was brought in the District Court of Taos County, New Mexico, to recover $5,000 paid on the purchase price of an automatic car wash. It was alleged that fraudulent conduct and misrepresentation of defendant-appellant (appellant) induced plaintiff-appellee (appellee) to enter into the agreement to purchase the car wash.

Appellant answered admitting receipt of the $5,000 and alleged a balance of $8,000 remaining due and owing. After all the testimony was completed, appellee moved the court, pursuant to Rule 15, New Mexico Rules of Civil Procedure (§ 21–1–1(15), N.M.S.A., 1953 Comp.), "that the Pleadings be amended to conform with the evidence." After objection by appellant, the court allowed appellee fifteen days within which to amend his pleading to conform with the proof. From a judgment awarding appellee $5,000 with interest, plus costs, appellant prosecutes this appeal.

Appellant relies on three points for reversal. First, that the district court erred in allowing appellee to amend his complaint to conform to the evidence. Second, that the trial court erred in finding that the parties did not understand, or agree, upon material terms of the transaction, including the type of car wash to be purchased, method of financing, or liquidated damages. Third, that the district court erred in ordering appellant to return the down payment with interest.

We will discuss appellant's second point initially, since its resolution affects the disposition of the other contentions made on this appeal.

Appellant contends in his second point that the district court erred in entering finding of fact number five which states:

"5. That the parties did not understand or agree upon material terms of the transaction, including the type of car wash to be purchased, method of financing or liquidated damages."

Appellant challenges the sufficiency of the evidence to warrant this finding of the trial court.

There is conflicting evidence in the record, both oral and documentary, on the issue of whether there was an agreement between the parties. Appellant contends that the various documents and letters received in evidence were sufficient to create a contract between the parties. There is also testimony to the effect that no agreement was ever made between the parties on the subject of liquidated damages, a misunderstanding existed between the parties with respect to the size of the car wash, methods of financing, and the particular property to be posted as collateral on the note. The record further shows that the note, mortgage and security agreement were never signed by appellee. We said in Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972):

"It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. Cave v. Cave, supra."

Following that standard, we find that finding number five of the trial court is supported by substantial evidence. In order to constitute a binding contract, there must be an unconditional acceptance of the offer made. We stated the rule in Tatsch v.

Hamilton-Erickson Manufacturing Co., 76 N.M. 729, 733, 418 P.2d 187, 189 (1966), quoting with approval from R. J. Daum Const. Co. v. Child, 122 Utah 194, 247 P.2d 817, the following:

> " ' * * * Such an acceptance requires manifestation of unconditional agreement to all of the terms of the offer and an intention to be bound thereby. Such manifestation may be either written or oral or by actions and conduct or a combination thereof, but regardless of the form or means used, there must be made manifest a definite intention to accept the offer and every part thereof · and be presently bound thereby without material reservations or conditions. * * * ' "

Accordingly, we rule against appellant on this point.

As to appellant's first point, that the trial court erred in permitting appellee to amend his complaint to conform to the evidence, we find that the contention is without merit in that the trial court neither considered nor based its judgment on the partnership alleged in the amended complaint to which evidence appellant objected at the trial. We only need note the provisions of Rule 15(b), Rules of Civil Procedure (§ 21–1–1(15)(b), N.M.S.A., 1953 Comp.), and also the requirement of said rule requiring the objecting party to satisfy the court that he will be prejudiced if the amendment is allowed. No such showing was made in the instant case. In view of the foregoing, we hold that appellant's contention, that the trial court erred in permitting appellee to amend his complaint to conform to the evidence, is without merit.

Appellant's third contention is that the trial court erred in ordering appellant to return or refund the down payment with interest, when appellee refused to complete the purchase agreement. Appellant's argument would have merit had the trial court found that a contract had resulted from the negotiations of the parties. The trial court found the opposite and, since no con-tract was ever entered into, appellee is entitled to have the down payment returned to him with interest, as allowed by the trial court.

We hold that, in view of the disposition made herein, the trial court did not err and, accordingly, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.