604 P.2d 15

Elias M. ROMLEY, Petitioner,

v.

SUPERIOR COURT OF MARICOPA COUNTY, State of Arizona, Marilyn A. Riddel, Judge, and Pepsi-Cola Metropolitan Bottling Company, Inc., Real Party in Interest, Respondents.

No. 14611.

Supreme Court of Arizona, In Banc.

Nov. 29, 1979.

Fennemore, Craig, von Ammon & Udall by Calvin H. Udall, Leland M. Jones, Phoenix, for petitioner.

Jennings, Strouss & Salmon by Robert E. Hurley, Neil Vincent Wake, Rita A. Meiser, Phoenix, for respondents Pepsi-Cola Metropolitan Bottling Co., Inc.

PER CURIAM:

Petitioner seeks special action relief from an order of the trial court denying him a stay of execution and the right to file a supersedeas bond based on these facts. The State of Arizona filed eminent domain proceedings against the petitioner as owner, against his mortgagees, and against the real party in interest, Pepsi-Cola Metropolitan Bottling Company, Inc. (hereinafter called Pepsi) as lessee of a portion of the real property. Petitioner and the State of Arizona agreed to a value in excess of two million dollars for all interests in the property, and the case thereafter was no longer contested by any party as against the State of Arizona. Pepsi and petitioner could not agree as to what portion of the total value paid by the State should be paid to Pepsi as its share of the settlement. Pepsi maintained that it was entitled to $387,920 and petitioner claimed that Pepsi should recover a lesser amount or nothing at all. In order to settle this, the only remaining issue in the case, petitioner and Pepsi stipulated on February 3, 1975 that petitioner would deposit with the Clerk of the Superior Court a time certificate of deposit in the amount of $387,920 as collateral to secure Pepsi's entitlement in the case. The state approved the stipulation, and the trial court approved and confirmed it by an order of the same date. The pertinent portions of the stipulation are as follows:

"(2) The $387,920 which pursuant to order of court was released to Plaintiff and Defendant Romley and Defendant

Pepsi-Cola and invested in the purchase of a Time Certificate of Deposit and thereafter renewed from time to time, shall continue to be invested in a Time Certificate of Deposit in the same manner and in the same names as has been done since July 31, 1972; and *upon the final determination of the pending action* the said $387,920 together with the interest earned thereon shall be disbursed and distributed as follows:

"(i) To the Plaintiff, no part thereof;

"(ii) To Defendant Pepsi-Cola, the amount if any, which Defendant Pepsi-Cola at said final determination is entitled to receive, not exceeding however $387,920 plus interest at the rate of 6% per annum from July 31, 1972 computed only on the sum, if any, which Pepsi-Cola is entitled to receive;

"(iii) To Defendant Romley, the balance of said $387,920, if any, plus the remaining interest earned thereon."

"The amount set forth in sub-paragraph (ii) is intended to and shall constitute the maximum amount of any judgment that may be entered herein in favor of Pepsi-Cola, it being the position of Pepsi-Cola that it is entitled to $387,920 plus interest as above specified for the taking of its alleged leasehold interest and for the unamortized costs of the improvements it made to the building in 1966 * * *." (Emphasis ours.)

After trial, appeal, and retrial on the issue of Pepsi's interest, the trial court awarded Pepsi a judgment in the amount of $387,325 plus interest thereon at the rate of 6% per annum from July 31, 1972, as well as costs.

Petitioner timely appealed and applied for an order staying the execution of the judgment on appeal or, in the alternative, an order fixing the amount of supersedeas bond on appeal. As to the last request, petitioner brought to the court's attention that the certificate of deposit being held by the Clerk had at that time grown to $631,-329.35 including principal and interest and that the principal and interest on the judgment awarded by the Court to Pepsi was then $558,453.70. Petitioner then claimed that because the fund on deposit with the Clerk exceeded the principal and interest on the judgment by $93,112.45, this fund, being subject to the further orders of the Court, could continue to act as collateral to secure Pepsi's judgment, plus interest and costs in the appeal, if petitioner were unsuccessful on appeal. Thus, petitioner claimed that a supersedeas bond was unnecessary or, if necessary, only a nominal, additional bond should be required.

The trial court denied petitioner's motion to set a supersedeas bond by order dated November 2, 1979, finding that A.R.S. § 12–1127 controlled in eminent domain actions and that supersedeas was not a remedy provided under said section.

We accept jurisdiction pursuant to Art. 6, § 5(4) of the Arizona Constitution and Rules 4 and 7 of the Rules of Procedure for Special Actions.

It is the opinion of this Court that under the circumstances of this case, Rule 7 of the Arizona Rules of Civil Appellate Procedure applies to the appeal of the issues remaining, rather than A.R.S. § 12–1127, because the state's interest is no longer disputed, and a fund has been created by the actions of the parties to secure the entitlement of the disputing parties. Furthermore, this Court is of the opinion that the stipulation entered into between the parties and ordered by the court on February 3, 1975 is to control the handling and disposition of the security fund not only through the entry of judgment in the trial court, but until such time as the dispute remaining between the parties hereto is disposed of by final mandate on appeal.

Therefore, this Court finds that the trial court erred in refusing to stay execution of the judgment or in refusing to set a supersedeas bond. Accordingly, it is ordered as follows:

(1) That the trial court's order dated November 2, 1979 denying a stay of execution of judgment on appeal, or the setting of a supersedeas bond be vacated;

(2) That all sums previously on deposit with the Clerk of the Court and paid to it

be returned forthwith to the Clerk by real party in interest, Pepsi-Cola Metropolitan Bottling Company, Inc., where said sum shall be held subject to the continued application of the stipulation of the parties dated February 3, 1975;

(3) That real party in interest, Pepsi-Cola Metropolitan Bottling Company, Inc., forthwith return to petitioner Romley all excess interest paid by Romley as a condition of the stay of the trial court ordered November 2, 1979;

(4) That this matter be remanded to the trial court for the setting of an appropriate supersedeas bond; and

(5) That all other actions of the trial court be stayed until the foregoing are accomplished.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.