F I L E D
**United States Court of Appeals
Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHAEDRA R. SHIVELY,

      Plaintiff-Appellant-
Cross-Appellee,

v.

SANTA FE PREPARATORY
SCHOOL, INC.,

      Defendant-Appellee-
Cross-Appellant.

Nos. 00-2107 & 00-2108
(D.C. No. CIV-98-809-LCS/LFG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Phaedra R. Shively was employed by defendant Santa Fe Preparatory School as a French teacher for many years. The school signed and offered her a full-time contract for the 1994-95 school year which included the following as the last sentence: "The School may refuse to reemploy the teacher without cause, and this contract shall not give rise to any entitlement to or expectation of reemployment." Appellant's App. at 82. Plaintiff signed and returned the contract with the following notation: "I agree with all of the last paragraph except the last sentence. I deserve and expect just cause for non-renewal of continuation of my teaching." *Id.* Defendant did not respond to plaintiff's notation, but did employ plaintiff as a teacher during the 1994-95 school year. Defendant did not offer plaintiff a contract for the 1995-96 school year. Plaintiff then filed this suit asserting claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and for breach of contract under New Mexico law.

The case was tried to a magistrate judge by consent of the parties. *See* 28 U.S.C. § 636(c). The magistrate judge found that plaintiff's age was not a factor in defendant's decision to terminate her employment and dismissed plaintiff's ADEA claim. Appellant's App. at 54. With regard to plaintiff's state law claim, the magistrate judge found that the notation plaintiff added to her 1994-95 contract was a counteroffer which defendant accepted through silence by

-2-

accepting the benefit of her services during that school year. *Id.* at 55. The magistrate judge concluded that the parties had amended their contract to provide that plaintiff would not be renewed only for just cause. *Id.* at 55-56. The magistrate judge further found that defendant did not have just cause as that term was defined in the contract and New Mexico law, *id.* at 56-63, and that defendant breached plaintiff's contract by failing to renew it, *id.* at 63. The magistrate judge rejected defendant's argument that plaintiff's notation provided for "only one, year-long renewal period," *id.* at 77, deciding that the amended language "was not limited to one renewal, but rather provided for continued renewal in the absence of just cause for non-renewal," *id.* at 78. The magistrate judge awarded plaintiff $60,000 in damages, representing "one year's full salary, as well as a declining, lesser amount for each subsequent year . . . tempered . . . with the amount Plaintiff had earned in mitigation of her damages," *id.*

Plaintiff appeals, arguing that: (1) the magistrate judge's factual findings are insufficient to support the amount of damages awarded; and (2) if the findings are sufficient for review, the award is clearly erroneous based on the evidence and is too low. Defendant cross-appeals, arguing in the alternative that: (1) plaintiff's notation on her contract was not a counteroffer and was ineffective to alter defendant's right to not renew her contract without just cause; (2) if plaintiff's notation was a counteroffer, defendant did not accept it and did not

need just cause to not renew her contract; (3) if the contract was amended, defendant had just cause to not renew it; and (4) if defendant breached an amended contract, the amendment required defendant to renew plaintiff's contract for one more year only and the damage award is clearly erroneous based on the evidence and is too high. We have jurisdiction under 28 U.S.C. § 1291.

On appeal from a bench trial, we review the district court's "findings of fact for clear error and the court's conclusions of law *de novo* ." *EEOC v. WilTel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996); *see also Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991) (holding that issues governed by state law are reviewed de novo by the appellate court).

> A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation and citation omitted). Further, "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a).

Defendant argues that the notation plaintiff added was not a counteroffer but was plaintiff's "grumbling acceptance." Appellee's Br. at 15. We disagree. Outside of the commercial context governed by the Uniform Commercial Code, N.M. Stat. Ann. §§ 55-2-101 to 55-2-725, New Mexico law requires that

-4-

acceptance of an offer must be unconditional. *Gardner Zemke Co. v. Dunham Bush, Inc.*, 850 P.2d 319, 322 (N.M. 1993); *see also Fratello v. Socorro Elec. Co-op., Inc.*, 758 P.2d 792, 795 (N.M. 1988); *Silva v. Noble*, 515 P.2d 1281, 1282-83 (N.M. 1973); *Tatsch v. Hamilton-Erickson Mfg. Co.*, 418 P.2d 187, 189 (N.M. 1966). Plaintiff's amendment clearly states her unwillingness to be bound by the term in defendant's offer providing that her employment could be terminated without cause at the end of the contract. It cannot be concluded that plaintiff accepted defendant's contract as it was presented to her. The magistrate judge correctly concluded that plaintiff's notation was a counteroffer. Defendant's authorities are inapposite.

Defendant argues, in the alternative, that it did not accept plaintiff's counteroffer as a matter of law. This argument is without merit, as New Mexico law recognizes acceptance by silence or by performance. *See, e.g., Long v. Allen*, 906 P.2d 754, 756 (N.M. Ct. App. 1995) (discussing acceptance by performance); *Garcia v. Middle Rio Grande Conservancy Dist.*, 664 P.2d 1000, 1005 (N.M. Ct. App. 1983) (discussing acceptance by silence), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 838 P.2d 971 (N.M. 1992). Defendant argues that an offeree's silence does not evidence acceptance unless the offeree has a duty to speak. While this is true as far as it goes, *see Garcia*, 664 P.2d at 1005, defendant ignores the proposition that silence operates as an acceptance "[w]here

because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept," Restatement (Second) of Contracts § 69(1)(c) (1981). We have found no cases explaining how a duty to speak arises under New Mexico law, but also no case indicating that New Mexico would not follow the Restatement on this point.

The evidence shows that every contract issued between 1988 and 1995 provided that the school could refuse to reemploy a teacher without cause and that the contract did not create an entitlement or expectation of reemployment. Appellee's Supp'l App. at 58. We conclude, based on defendant's prior dealings with plaintiff, that defendant had a duty to tell plaintiff that it did not accept her counteroffer limiting its right not to reemploy her at the end of the 1994-95 contract--at least at the point that defendant took the benefits of her teaching services under that contract. *Compare Hoffman v. Ralston Purina Co.*, 273 N.W.2d 214, 219 (Wis. 1979) (holding that offeree's silence in response to offer of settlement could be construed as acceptance where offeree received some benefits from offeror and extensive past negotiations between parties made it unreasonable for offeree to remain silent if he did not intend to accept the proposed settlement) *with Vogt v. Madden*, 713 P.2d 442, 444-45 (Idaho Ct. App. 1985) (holding that silence did not operate as acceptance where offeree did not receive any benefits from offeror and where parties had always made express oral

agreements in the past). As defendant did not notify plaintiff to the contrary, the magistrate judge correctly concluded that defendant accepted plaintiff's counteroffer.

Ultimately, when the evidence is conflicting, whether offer and acceptance existed are questions of fact. *See Hartbarger v. Frank Paxton Co.*, 857 P.2d 776, 780 (N.M. 1993). As a factual question, then, we review the magistrate judge's findings that plaintiff made a counteroffer which defendant accepted for clear error. Based on our review of the magistrate judge's decision and the record, we conclude that no clear error exists.

Next, defendant contends that the magistrate judge erroneously held as a matter of law that plaintiff was not insubordinate and that defendant therefore lacked just cause to terminate her employment. Defendant's argument is without merit. The magistrate judge found that plaintiff was not insubordinate based on "the testimony, the demeanor of the witnesses[,] and the documents" presented at trial. Appellant's App. at 57. The magistrate judge's decision on this point was a finding of fact, which we review only for clear error.

Defendant contended that plaintiff was insubordinate because she refused to cooperate with school officials in their performance evaluation process. The magistrate judge discussed the evidence at length, finding that defendant gave nothing but "mixed signals" to plaintiff. *Id.* at 62. In addition, the magistrate

judge found that defendant did not do performance evaluations for the purpose of terminating bad teachers and that plaintiff's evaluation, which was finally done without her cooperation, did not state that she was insubordinate and should be terminated. *Id.* The magistrate judge concluded that plaintiff was not insubordinate and defendant did not have just cause not to renew her contract. *Id.* Although defendant presents a different view of the facts on appeal, this is inadequate for defendant to prevail. Based on our review of the record, we conclude that there was factual support for the magistrate judge's findings concerning cause for nonrenewal and they are not clearly erroneous.

Finally, defendant argues that the magistrate judge erred by awarding damages representing more than one year of plaintiff's salary less the amount she earned in mitigation of damages. The magistrate judge did not state whether he found plaintiff's notation to be ambiguous or unambiguous. *See* Appellant's App. at 77-78. The magistrate judge did state that he considered plaintiff's notation to provide for a continuous, year-to-year extension of her 1994-95 contract because defendant lacked just cause to not renew it at the end of the 1994-95 school year. *See id.* Defendant contends that plaintiff's amendment is ambiguous and cannot be construed to provide for continuous employment in perpetuity without rendering other terms of the contract meaningless. Defendant also asserts that, if anything, the notation applied only to the succeeding year's

contract and damages should have been so limited. In any event, defendant maintains, any ambiguities in the notation must be construed against plaintiff, the drafter.

Under New Mexico law, "[a] contract is deemed ambiguous only if it is reasonably and fairly susceptible of different constructions." *Vickers v. N. Am. Land Devs., Inc.*, 607 P.2d 603, 606 (N.M. 1980). Whether contract language is ambiguous is a question of law that is reviewed de novo. *Rummel v. St. Paul Surplus Lines Ins. Co.*, 945 P.2d 985, 988 (N.M. 1997).

The language at issue is this: "I deserve and expect just cause for non-renewal of continuation of my teaching." Appellant's App. at 82. That language is unambiguous. It plainly imposes a "just cause" condition on nonrenewal of plaintiff for the position covered by the contract, and extends this condition not merely to the succeeding year but for the "continuation of my teaching." *Id.* Therefore, defendant's argument is without merit.

We reverse the award of damages, however, and remand for further fact-finding on that issue. The magistrate judge awarded plaintiff $60,000 in damages, representing "one year's full salary, as well as a declining, lesser amount for each subsequent year . . . tempered . . . with the amount Plaintiff had earned in mitigation of her damages," *id.* Plaintiff claims damages of $325,270.00. Appellant's Br. at 11. The magistrate judge did not explain what

evidence supported his conclusion that $60,000 was the correct amount to be awarded. Without an explanation tying the magistrate judge's award to the evidence, however, we cannot provide meaningful review. *See Joseph A. by Wolfe v. N.M. Dep't of Human Servs.*, 69 F.3d 1081, 1087 (10th Cir. 1995). On remand, the magistrate judge should determine the length of the amended contract and the damages to be awarded as a consequence of that determination, specifically tying his conclusions to the evidence.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED in part, and the case is REMANDED for additional proceedings consistent with this decision.

Entered for the Court


Michael R. Murphy
Circuit Judge