This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAUL CALBERT,**

   Worker-Appellee,

v.                                                                    **NO. 29,666**

**NATIONAL RESTAURANT SUPPLY CO., INC. and THE HARTFORD,**

   Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Paul Calbert
Edgewood, NM

Pro Se Appellee

Law Offices of Eva K. Rappaport
Ned S. Fuller
Eva K. Rappaport
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

This is a Workers' Compensation Administration reimbursement case under NMSA 1978, Section 52-5-17 (1990), and *Gutierrez v. City of Albuquerque*, 1998-NMSC-027, 125 N.M. 643, 964 P.2d 807. Employer and Insurer argue that the Workers' Compensation Judge (WCJ) erred in its computation of the reimbursement owed. In the circumstances of this case, we agree and reverse the compensation order.

**PROCEDURAL BACKGROUND**

Worker initially filed a claim for workers' compensation benefits with the New Mexico Workers' Compensation Administration (WCA) based on an injury he sustained in a car accident, which occurred in the scope and course of his employment as a driver for Employer. Worker also filed a tort action in district court against the third party involved in the work-related car accident. After the tort action was resolved, an application for a determination of the subrogation interests of Employer/Insurer was filed. Employer/Insurer asserted that under Section 52-5-17 and *Gutierrez*, it was entitled to a reimbursement for compensation benefits paid to Worker for medical and indemnity benefits plus its costs, minus attorney fees paid by Worker in the tort case.

A trial was held on the reimbursement issue. The parties stipulated that Worker recovered a judgment in the tort case for $27,500, and that Employer/Insurer had paid

Worker $13,616.24 in medical benefits and $10,919.71 in indemnity benefits. Further, there was no dispute that the documents presented to the jury as evidence of Worker's medical benefits and loss of earnings were the identical documents used in the underlying compensation case as evidence of these identical amounts. Worker testified that the jury award did not adequately compensate him for his damages because $27,500 was only sufficient compensation for his pain and suffering. In addition, he was required to pay costs and attorney's fees amounting to forty percent of the total recovery.

Following arguments, the WCJ stated that the calculation of the right to reimbursement based on *Gutierrez* was complex and that he could not fully reconcile that calculation with the jury verdict in this case.

> So I'm sort of shooting in the dark here. And I realize maybe what I'm doing is reversible error. I don't know. But I'm trying to come up with a fair outcome. Considering all the evidence that has been presented, it's my determination that the reasonable amount of the employer's right to reimbursement would be $13,750, plus gross receipts tax thereon. From that would be deducted the [forty] percent for attorney fees. And the net recovery to the insurer would be $8,250.

In the compensation order, the WCJ first determined that Worker suffered lost wages of $16,379.56. This was calculated from indemnity payments of $10,919.71, which represents two-thirds of lost wages based on NMSA 1978, Section 52-1-41(A) (1999). To this, the WCJ added the medical benefits of $13,616.24, resulting in a calculation

3

of special damages in the total amount of $29,995.80. However, the jury returned a general verdict in the amount of $27,500. The WCJ therefore concluded, "The jury verdict is clearly in error as it failed to compensate Worker for medical bills and lost wages. Special damages total $29,995.80. Special damages alone exceed the jury verdict, before any award of pain and suffering damages." The WCJ then recalculated Worker's damages in the tort action, in disregard of the jury verdict: "Worker suffered special damages of $29,995.80, and damages for pain and suffering of $25,000 or total damages of $54,995.80." Further, the WCJ concluded, "The tort recovery in this case approximates ½ of the damages suffered by Worker." Using these figures, the WCJ then performed a calculation under *Gutierrez*, resulting in a determination that Employer is entitled to a reimbursement of $7,314 from the tort recovery of $27,500. Employer/Insurer appeals.

We assigned the appeal to the general calendar. After Employer/Insurer filed its brief in chief, no answer brief was filed on behalf of Worker. We directed Worker's counsel to show cause why the case should not be submitted on the brief in chief, and counsel advised us that he was not retained, nor did he agree, to represent Worker in this appeal. We thereupon gave notice to Worker that he had twenty days to either retain counsel and have new counsel file an entry of appearance in this case or file a pro se answer brief. Worker did neither. We are therefore left with the task

4

of deciding the important issues raised in this case without the benefit of any arguments on behalf of Worker.

**DISCUSSION**

To calculate an employer's reimbursement under Section 52-5-17, *Gutierrez* states:

> The employer is entitled to only that part of the tort recovery which represents monies paid that *duplicate* compensation it has paid or is liable to pay. The judge must start from the presumption that the employer is entitled to full reimbursement, because, as we said in *Montoya* [*v. AKAL Security*, 114 N.M. 354, 838 P.2d 971 (1992)], "if the worker has dealt with the third party in good faith and at arm's length, then the net amount paid presumptively would be the amount by which the employer's liability is reduced." 114 N.M. at 358, 838 P.2d at 975 (citing *Transport Indemnity* [*Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct. App. 1976)]); *see also* 44 Am.Jur.2d *Insurance* § 1818 (1982) (insured's tort recovery shall be presumed to include the full amount of the insurer's subrogated interest, and it is the insured's burden to rebut the presumption with evidence that the recovery includes elements of the cause of action for which there is no right of subrogation). However, a worker who has resolved her third-party suit can no longer be said, *as a matter of law*, to have been made financially whole. *See Montoya*, 114 N.M. at 357-58, 838 P.2d at 974-75. A worker must be given the opportunity to show, and has the burden to prove, that *in fact* the tort recovery was fairly and reasonably calculated in good faith to compensate for injuries not covered by the benefits the employer has paid. If a worker does so, the worker's compensation judge must apportion a worker's tort recovery into its reasonable elements, and compare those with a breakdown of the compensation benefits paid by employer. An employer has an interest in those elements of the worker's tort recovery which are also covered by worker's compensation, but no interest in those elements of a worker's tort recovery that were calculated in good faith to remedy losses not covered.

*Gutierrez*, 1998-NMSC-027, ¶ 14 (footnote omitted).

6

Worker did not present evidence that the general verdict he received in the third-party tort case compensates for injuries not covered by the benefits the Employer/Insurer has paid. We are therefore left with the presumption that Employer/Insurer is entitled to full reimbursement. Moreover, the evidence is that the verdict of $27,500 represents medical benefits of $13,616.24 and indemnity benefits of $10,919.72, with the balance of $2,964.04 allocated for pain and suffering. Finally, we have not been provided with any arguments that the foregoing statement from *Gutierrez* does not govern this case. Worker has not presented any arguments on his own behalf, and we therefore have no factual or public policy basis on which to distinguish or modify *Gutierrez* as applied to this case. Under the circumstances, we must reverse the compensation order of the WCJ. We remand with instructions to reimburse Employer/Insurer for compensation benefits paid Worker for medical and indemnity benefits plus costs, minus attorney fees paid by Worker. We limit our holding to the facts in this case.

**CONCLUSION**

The compensation order is reversed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**